UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FIDELITY & GUARANTY COMPANY and TIG SPECIALTY INSURANCE COMPANY a/k/a TIG SPECIALTY INSURANCE SOLUTIONS, <br><br> Defendants. | CASE NO. C06-1254RSM <br><br> ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE |

## I. INTRODUCTION

This matter comes before the Court on defendants' Motion to Dismiss, or, in the alternative, to Transfer Venue to the United States District Court for the Eastern District of Missouri.[1] (Dkt. #6). On April 13, 2006, plaintiff filed a Complaint for Equitable Subrogation, Negligence, Bad Faith, Violation of the Washington Administrative Code, and Violation of Washington's Consumer Protection Act. (Dkt. #1). Plaintiff alleges that defendants failed to

---

[1] Although the motion is styled as one to dismiss, it appears that defendants actually ask this Court to transfer the instant case to the Eastern District of Missouri. Indeed, defendants themselves state that "transfer is the only way to resolve the more legitimate concerns of the defendants as to the litigation of the dispute in an inconvenient forum." (Dkt. #16 at 5).

ORDER
PAGE – 1

settle an underlying wrongful death lawsuit within their insurance policy limits when they had the opportunity to do so, and, therefore, plaintiff was forced to fully compensate the wrongful death plaintiffs in the underlying lawsuit from its insurance policy. Plaintiff asks for declaratory and monetary relief.

On October 24, 2006, defendants filed a Motion to Dismiss pursuant to the first-to-file rule, asking the Court to transfer the instant law suit to Missouri on the basis that they have previously filed a substantially similar lawsuit in the Eastern District of Missouri. (Dkt. #6). In the alternative, defendants ask that the Court transfer venue to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a).

Plaintiff has filed an opposition brief, and defendants have filed their reply. (Dkts. #10 and #16). The Court has reviewed the briefs, along with the remainder of the record. For the reasons discussed below, the Court agrees with defendants and transfers this case to the Eastern District of Missouri.

## II.  DISCUSSION

Under the "first to file" rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy. *See Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). "The first-to-file rule was developed to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly.'" *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (citation omitted). The Ninth Circuit Court of Appeals has noted that, although no precise rule has evolved, "the general principle is to avoid duplicative litigation, and to promote judicial efficiency." *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (internal quotations and citations omitted).

However, the rule "is not a rigid or inflexible rule to be mechanically applied, but rather is

to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982); *see also Alltrade*, 946 F.2d at 627-28. Thus, a court "can, in the exercise of [its] discretion, dispense with the first-filed principle for reasons of equity." *See Alltrade*, 946 F.2d at 628. More specifically, "[t]he circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." *Id.* (internal citations omitted).

**A. Applicability of the First to File Rule**

In *Alltrade*, the Ninth Circuit Court of Appeals set forth three prerequisites for application of the first to file rule: (1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues. *See Alltrade*, 946 F.2d at 625. The Court will address each of these requirements in turn.

*1. Chronology of Actions*

Defendant United States Fidelity & Guaranty's ("USF&G") filed an action in the United States District Court for the Eastern District of Missouri on April 19, 2006. It asked the Court to resolve issues concerning the existence or extent of its insurance obligations in the underlying wrongful death action. On August 24, 2006, USF&G was granted leave to amend that complaint, to take account of a settlement that had been reached in the underlying action, and to continue to seek declaratory relief with respect to its insurance obligations.[2] On August 31, 2006, plaintiff brought the instant action in this Court. Thus, there can be no real disagreement that the Missouri action was filed first; nor does plaintiff appear to dispute that the Missouri action was filed first.

*2. Same Parties*

---

[2] On September 11, 2006, American Guaranty, the plaintiff in this action and defendant in the Missouri action, moved to dismiss the Missouri action.

ORDER
PAGE – 3

1   Plaintiff asserts that defendants cannot meet the second and third prongs in the rule.
2   Plaintiff first argues that the first to file rule does not apply because it involves defendant TIG
3   Specialty Insurance Company ("TIG"), which is a party not present in the Missouri action.  The
4   Court is not persuaded by this argument.

5   In the Missouri action, USF&G is the plaintiff and American Guaranty is the defendant.  In
6   the instant action, American Guaranty is the plaintiff and USF&G is a defendant.  While
7   American Guaranty has also named TIG as a defendant, USF&G demonstrates that TIG did not
8   issue the insurance policy at issue in this action, and that TIG merely acted as a third-party
9   administrator and agent for USF&G.  Therefore, the Court finds that the TIG defendant does
10  not prevent the parties from being "similar" in the Missouri and Washington actions.  *See*
11  *Brighton Collectibles, Inc. v. Coldwater Creek, Inc.*, 2006 U.S. Dist. LEXIS 85598, at *6 n. 1
12  (S.D. Cal. Nov. 21, 2006).

13  *3. Same Issues*

14  Defendants argue that the issues in the Missouri and Washington actions are nearly
15  identical because both actions will necessarily involve an evaluation in light of Missouri law and
16  jury verdicts in the St. Louis, Missouri area.  In response, plaintiff argues that the issues in the
17  two actions differ in that, in the Missouri action, USF&G seeks only declaratory relief, whereas,
18  in the Washington action, it asserts allegations of bad faith, a violation of the Washington
19  Administrative Code Unfair Settlement Practices Act and a violation of the Washington
20  Consumer Protection Act.  Again, the Court is not persuaded.

21  Although the Amended Complaint in the Missouri action seeks a declaration only as to
22  whether USF&G's obligations have been fulfilled by making a $5 million contribution to the
23  settlement in the underlying wrongful death action, the question of whether USF&G acted in
24  bad faith and with negligence during negotiations prior to that settlement will involve an

25
    ORDER
26  PAGE – 4

evaluation of USF&G's settlement position under the facts and circumstances of the wrongful death suit, and the likely behavior of a Missouri state court and a Missouri jury. Thus, the Missouri and Washington actions both address USF&G's obligations with respect to the same underlying state court action. Furthermore, as several other district courts have noted, "the form of relief sought does not determine the 'similitude' of the issues." *Isle Capital Corp. v. Koch Carbon, Inc.*, 2006 U.S. Dist. LEXIS 24866, at *9 (citing *Alibaba.com, Inc. v. Litecubes, Inc.*, 2004 U.S. Dist. LEXIS 3492 at *6); cf. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (holding "exact parallelism" between two actions at issue not required for stay under Colorado River doctrine). Accordingly, the Court finds that the issues in the Missouri and Washington actions are sufficiently similar to satisfy the first to file rule.

**B. Exceptions to the First to File Rule**

As noted above, where the threshold factors of the first to file rule are met, a district court has the discretion to dispense with the rule for reasons of equity. *See Alltrade*, 946 F.2d at 625-26. "The circumstances under which an exception to the first-to-file rule will typically be made include bad faith, anticipatory suit, and forum shopping." *Id.* at 628 (internal citations omitted). Plaintiff argues that, even if the prerequisites of the first to file rule are met, there are two exceptions to the rule that apply to the instant action. First, plaintiff argues that the Missouri action constitutes impermissible forum shopping. Second, plaintiff argues that the second-filed action will provide more complete relief that the first-filed action.

*1. Impermissible Forum Shopping*

Plaintiff argues that USF&G filed a declaratory action in the Eastern District of Missouri aiming to deprive plaintiff of its choice of forum. However, the Court finds no basis for that conclusion. In order for this Court to find that the initial lawsuit was anticipatory, the plaintiff in the first action must have been in receipt of "specific, concrete indications that a suit by [the]

ORDER
PAGE – 5

defendant was imminent." *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 271 (C.D. Cal. 1998). No such indication existed at the time the Missouri action was filed.

Indeed, at the time the Missouri action was filed, a jury had awarded a verdict in favor of the underlying wrongful death plaintiffs in the amount of approximately $46 million, which the state court then remitted to approximately $25 million, and which was then subsequently settled for just under $22 million. USF&G contributed its policy limit of $5 million to that settlement, and then filed an action in the Eastern District of Missouri asking that the court declare that it had no further obligations under its policy. American Guaranty then filed a motion to dismiss on the basis that the action was not ripe because there was no dispute between the parties and there was no imminent threat of litigation. Thus, American Guaranty's own position was that the action was not anticipatory.

Moreover, the evidence does not suggest that USF&G filed its Missouri action solely as a means to preserve litigation in that forum. The underlying wrongful death action took place in a Missouri state court, and a majority of the witnesses are located in that state. Missouri is therefore a logical and proper forum for the dispute.

Plaintiff analogizes *Koch Engineering Co., Inc. v. Monsanto Co.*, 621 F. Supp. 1204 (E.D. Mo. 1985) to the instant case, and argues that, like the *Koch* plaintiff, USF&G would not have been able to file the Missouri action if it weren't for the Declaratory Judgment Act, and therefore USF&G has engaged in improper forum shopping. The Court is not persuaded by that analogy. In *Koch Engineering*, the court noted that the purpose of the Declaratory Judgment Act was not furthered by the first filed suit, and that the lawsuit merely represented a race to the courthouse. *Koch Engineering*, 621 F. Supp at 1206-07. For the reasons stated above, the Court has already found that the Missouri action was not filed in an effort to race to the

ORDER
PAGE – 6

1  courthouse. Furthermore, even if there was evidence of forum shopping in this situation, district
2  courts have found that forum shopping justifies an exception to the first filed rule only where the
3  first filed suit bears a slight connection to the forum in which it was filed as opposed to a
4  stronger connection in the second forum. Here, the Court does not believe that plaintiff has
5  demonstrated a stronger connection with Washington than Missouri. Accordingly, the Court
6  finds no evidence that USF&G engaged in improper forum shopping.

*2. More Complete Relief*

Plaintiff next argues in conclusory fashion that its case involves many claims not at issue in the Missouri action, and therefore this Court should allow it to proceed in Washington. Plaintiff does not explain why its claims could not be adequately addressed if brought as counterclaims in the Missouri action, or why its claims could not be adequately addressed if this action is transferred to the Eastern District of Missouri. Accordingly, the Court rejects the argument that the second suit would provide more complete relief than the first.

**C. Convenience Transfer Under 28 U.S.C. § 1404(a)**

As an alternative to transferring this action under the first to file rule, defendants ask this Court to transfer the action to the Eastern District of Missouri for "the convenience of parties and witnesses, [and] in the interest of justice," pursuant to 28 U.S.C. § 1404(a). However, because the Court has determined that the first to file rule applies here, it need not address this argument.

### III. CONCLUSION

For the reasons set forth above, the Court finds that the first to file rule applies in this case. The parties and issues in the Washington and Missouri actions are substantially similar, and the Missouri action was the first filed. The Court finds no evidence of anticipatory suit or impermissible forum shopping, nor does it find that the Washington forum can provide more

ORDER
PAGE – 7

complete relief to the parties.  Accordingly, in the interest of eliminating duplicative litigation, the Court does hereby ORDER:

(1)  Defendants' Motion to Dismiss (Dkt. #6) is GRANTED, and this case is hereby TRANSFERRED to the United States District Court for the Eastern District of Missouri.  The Clerk is directed to CLOSE this case and transfer all original documents to the Eastern District of Missouri.

(2)  The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this  4  day of December 2006.

RICARDO S. MARTINEZ  
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 8